**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**September 5, 2013**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

  Plaintiff - Appellee,

v.

LAVERTISE CUDJOE,

  Defendant - Appellant.

No. 13-6096

(W.D. Oklahoma)

(D.C. Nos. 5:06-CR-00248-R-3 and
5:12-CV-01231-R)

---

**ORDER DENYING CERTIFICATE OF APPEALABILITY**

---

Before **HARTZ**, **O'BRIEN**, and **GORSUCH**, Circuit Judges.

---

Defendant LaVertise Antwion Cudjoe filed a motion for relief under

28 U.S.C. § 2255 in the United States District Court for the Western District of

Oklahoma. The district court denied the motion. Defendant now seeks a

certificate of appealability (COA) from this court so that he may appeal the

district court's decision. *See* 28 U.S.C. § 2253(c)(1)(B) (requiring a COA to

appeal denial of § 2255 relief). We deny a COA and dismiss the appeal.

**I.    BACKGROUND**

In October 2006, Defendant was charged on six counts of an 85-count

multidefendant indictment involving drug and firearm violations. The following

February he pleaded guilty to two counts: (1) conspiring to distribute various

controlled substances, *see* 21 U.S.C. §§ 841(a)(1), 846; and (2) carrying a firearm

in relation to a drug-trafficking crime, *see* 18 U.S.C. § 924(c)(1)(A). The remaining counts against him were dismissed. After his first sentence was vacated on appeal, Defendant was resentenced on October 8, 2009, to 420 months' imprisonment.

On November 5, 2012, Defendant filed his § 2255 motion, arguing that his plea was not knowing and voluntary for two reasons: (1) neither defense counsel nor the district court adequately explained that Defendant was waiving his right to challenge his sentence under 18 U.S.C. § 3582; and (2) counsel was ineffective because he (a) pressured Defendant into pleading guilty, (b) failed to adequately warn Defendant of the range of possible sentences and of potential guideline enhancements, (c) did not inform Defendant of amendments to the crack-cocaine guidelines under consideration (but not yet enacted) by the United States Sentencing Commission, (d) failed to investigate defenses or interview witnesses, (e) never informed Defendant of the elements of conspiracy, and (f) misrepresented the strength of the government's evidence, in particular failing to "explain[]" a chart prepared by the government, which revealed that his role in the conspiracy was minimal, R. at 241.

The district court denied Defendant's motion. It determined that he had not shown prejudice from any failure of the court or defense counsel to explain that he was waiving his rights under § 3582(c)(2) because he had not alleged that he would have filed such a motion, and he was not eligible for a sentence reduction

under the statute anyway. And it ruled that even if counsel had been ineffective in instructing Defendant to enter the plea, Defendant had not alleged that he would have gone to trial but for counsel's errors.

Defendant then filed three motions and an affidavit seeking to amend his § 2255 motion to allege that he would not have pleaded guilty if he had been properly informed. The district court denied the motions. It said that even if it permitted Defendant to amend his pleadings, Defendant could not prevail because (1) his claims of ineffectiveness were conclusory, (2) it was improbable that Defendant would have gone to trial because he would have faced four more counts and a life sentence, and (3) the plea agreement properly informed Defendant of his potential sentences and the consequences of his waiver.

## II. DISCUSSION

We construe Defendant's pleadings liberally because he is proceeding pro se. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam). A COA will issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This standard requires "a demonstration that . . . includes showing that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (internal quotation marks omitted). In other words, the applicant must show that

-3-

the district court's resolution of the constitutional claim was either "debatable or wrong." *Id.*

First, Defendant argues that his plea could not have been knowing and voluntary because facts not mentioned in the indictment were used to enhance his sentence. But Defendant failed to raise this argument in district court. *See Parker v. Scott*, 394 F.3d 1302, 1307 (10th Cir. 2005) (grounds for relief not raised in district court are waived).

Second, it is indisputable that Defendant did not meet his burden of showing that his waiver of possible § 3582 relief was unknowing or involuntary. *See United States v. Tanner*, 721 F.3d 1231, 1233 (10th Cir. 2013) (per curiam) ("[It] is the defendant who bears the burden of demonstrating his waiver was not knowing and voluntary." (brackets and internal quotation marks omitted)). Even if the Rule 11 colloquy was deficient or counsel failed to inform Defendant of the consequences of his waiver, the plea agreement clearly stated that Defendant was "knowingly and voluntarily" waiving his right to "[a]ppeal, collaterally challenge, or move to modify under 18 U.S.C. § 3582(c)(2) or some other ground, his sentence as imposed by the Court and the manner in which the sentence is determined." R. at 135; *see Tanner*, 721 F.3d at 1234 ("In considering the totality of the circumstances [regarding whether a plea was knowing and voluntary], either the express language of the plea agreement, if sufficiently clear, detailed, and comprehensive, or the probing inquiry of a proper Rule 11 colloquy could be

enough to conclude the waiver was knowing and voluntary.").  In any event, no relief has been available to Defendant under § 3582, so he was not prejudiced by any flaw in the Rule 11 colloquy or error by defense counsel.

Third, to establish ineffective assistance of counsel, Defendant has the burden of overcoming "a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Strickland v. Washington*, 466 U.S. 668, 689 (1984).  Then he must demonstrate that the "deficiencies in counsel's performance [were] prejudicial." *Id.* at 692.  Because Defendant challenges his guilty plea based on ineffective assistance of counsel, he must show "a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart*, 474 U.S. 52, 59 (1985) (footnote omitted).

Reasonable jurists would not debate the district court's rejection of Defendant's ineffectiveness claims because (1) even if his account of his communications with counsel is accepted as true, it does not establish that he was improperly pressured into pleading guilty; (2) the plea agreement informed him of the maximum possible sentence he could receive, the amount of crack cocaine attributable to him, and the applicable guideline enhancements; (3) defense counsel was not responsible for anticipating changes to the crack-cocaine guidelines; (4) he has failed to describe what new exculpatory evidence or helpful law would have been discovered through additional factual and legal research; (5)

the plea agreement informed him of the elements of conspiracy; and (6) defense counsel correctly told him that the government's evidence against him was strong (it included the discovery of drugs at Defendant's residence and two purchases from him by a confidential informant or informants). (In the face of this evidence, he has failed to show how the case against him was weakened by a government chart allegedly limiting his involvement in the conspiracy to participation in a mortgage fraud.)

## III.  CONCLUSION

We DENY a COA and DISMISS the appeal.  Defendant's motion to proceed *in forma pauperis* is DENIED.

ENTERED FOR THE COURT


Harris L Hartz
Circuit Judge